THEODORE C. HIRSCH, Plaintiff, *v.* UNITY LEATHER GOODS CORPORATION, Defendant.

City Court of the City of New York, Special Term, New York County, July 6, 1945.

*Philip Blumenthal* for plaintiff.

*William F. Beeler* for defendant.

RIVERS, J. Motion for examination before trial is granted without objection to any of the items.

I recognize the soundness of the rule applicable to many cases that the plaintiff should serve a bill of particulars prior to conducting an examination before trial of defendant. In many cases the plaintiff should commit himself to a definite position before eliciting information from the defendant which may enable him to devise a case. This rule does not, however, I think apply to actions under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*). In such a situation the plaintiff, it seems to me, is entitled to find out from the defendant's books precisely how many hours he worked and similar information. In such a case an examination before trial will not enable a dishonest plaintiff to build up a situation which does not in fact exist. Hence I do not think that the defendant's objection to being examined until plaintiff has served a bill of particulars is a valid one. The examination will therefore take place at Special Term, Part II, on July 18, 1945, at 10:00 A.M. Such of the books, records and papers referred to in the notice of motion as relate to the subject matter of the examination shall be produced for use under section 296 of the Civil Practice Act. The defendant will produce for examination either its president or its treasurer, who-

ever has the better knowledge of the subject matter of the examination. If either one of these individuals can testify adequately as to all matters embraced within the scope of the examination it will suffice for defendant to produce one individual. If neither individual can give adequate testimony, then the defendant will produce both of these persons. It seems to me, however, that in a case of this kind the testimony of one person, aided by the books of the defendant, should be sufficient.